**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7351**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

CORY SPENCER MISRAJE,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:16-hc-02033-D)

Submitted:  June 20, 2018                                    Decided:  June 28, 2018

Before GREGORY, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anne M. Hayes, Cary, North Carolina, for Appellant.  Christopher Michael Anderson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Spencer Misraje appeals the district court's order civilly committing him as a sexually dangerous person, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247-4248 (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in concluding that Misraje would have serious difficulty in refraining from sexually violent conduct or child molestation if released. We affirm.

"[W]e review the district court's factual findings clear error and its legal conclusions *de novo*." *United States v. Bolander*, 772 F.3d 199, 206 (4th Cir. 2013). We have thoroughly reviewed the record, and we conclude that the district court did not clearly err in finding that Misraje would have serious difficulty refraining from sexually violent conduct or child molestation if released from incarceration.[*] *See United States v. Wooden*, 693 F.3d 440, 462 (4th Cir. 2012) (setting forth factors courts consider in making such determination); *see also Bolander*, 722 F.3d at 207 (stating that, when court's determination "is based on [its] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not

---

[*] Additionally, Misraje acknowledged during trial that he had previously committed an act of sexually violent conduct or child molestation, and all experts—including Misraje's expert—testified that he suffers from a serious mental illness, abnormality, or disorder.

2

contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Misraje, in writing, of the right to petition the Supreme Court of the United States for further review. If Misraje requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Misraje.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*